UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-00720 VAP (ADS)　　　　　　　　　Date: January 29, 2019

Title: *Gerardo Sanchez Muratalla v. Raymond Madden, Warden*

---

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
| None Present | None Present |

**Proceedings:**　　(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AND GRANTING <u>FINAL</u> EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS

　　　On April 5, 2018, Gerardo Sanchez Muratalla ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1]. On May 24, 2018, Respondent filed a Motion to Dismiss ("Motion to Dismiss"). [Dkt. No. 7]. In the Motion to Dismiss, Respondent argues that the Petition should be dismissed because the Petition was filed 351 days after the one-year statute of limitations expired. [<u>Id.</u>, p. 4]. Between June 20, 2018, and the date of this Order, Petitioner has been granted five extensions of time to file an Opposition to the Motion to Dismiss. [Dkt. Nos. 11-20].

　　　On November 14, 2018, the Court issued an Order to Show Cause Why Petition Should Not be Dismissed ("Order to Show Cause"). [Dkt. No. 20]. In the Order to Show Cause, the Court specifically orders Petitioner to file a pleading clearly titled "Opposition to the Motion to Dismiss" if he does not agree that his Petition should be dismissed. [<u>Id.</u>, p. 3]. The Court further explains that, in the Opposition to the Motion to Dismiss, Petitioner should tell the Court why he does not agree to dismissal and whether he believes statutory or equitable tolling apply in his case. [<u>Id.</u>]. The Order to Show Cause directs Petitioner to file a pleading clearly titled "Request for Extension of Time" if he seeks additional time to prepare an opposition. [<u>Id.</u>]. Finally, the Court cautions Plaintiff that failure to timely file an opposition may result in a recommendation that the action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). [<u>Id.</u>, p. 4].

　　　On December 4, 2018, the Court received a "Traverse" and "Motion to Show Cause" filed by Petitioner. [Dkt. No. 21]. In the Traverse, Petitioner "admits that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-00720 VAP (ADS)         Date: January 29, 2019

Title: *Gerardo Sanchez Muratalla v. Raymond Madden, Warden*

Respondent is correct on the citing of the tolling time" and adds that he "understands if the Court ignores his petition for a hearing due to the length of time but at the same time asks the Court to admit his Traverse and review the merits claims in his Petition." [Dkt. No. 21, p. 2]. In the Motion to Show Cause, another inmate, Carlos Brocatto, writes to explain why the Petitioner has been unable to respond to the Motion to Dismiss. [Id., pp. 3-4]. Mr. Brocatto states that he has been helping Petitioner with his Petition. However, because Mr. Brocatto had been transferred to a facility separate from Petitioner, they have had trouble communicating, which resulted in the delay in filing a response to the Motion to Dismiss. Mr. Brocatto states that he is willing to help Petitioner now that they are in the same facility again and asks the Court to accept the Traverse. [Id., p. 4].

The Court accepts Mr. Broccatto's explanation for the delay in Petitioner's response to the Motion to Dismiss. However, neither the Traverse nor the Motion to Show Cause explain why the Petition itself was filed after the AEDPA one-year statute of limitations expired or why tolling should apply to extend the statute of limitations and allow the Court to review the Petition on the merits.

In his previous filings with the Court, Petitioner refers to his incarceration, ignorance of the law, language limitations, and inability to afford an attorney as reasons for his delay in filing the Petition. [Dkt. Nos. 17, 19]. If Petitioner believes those reasons warrant equitable tolling in this case, then he must allege sufficient facts to show that he has been diligently pursuing his claim and some extraordinary circumstance stood in his way and prevented timely filing the Petition. See Holland v. Florida, 560 U.S. 631, 649 (2010) (finding equitable tolling applies to AEDPA and stating the standard for its application). For example, a non-English speaking petitioner may obtain equitable tolling based on the language barrier where facts exist reflecting diligence and the language barrier prevented timely filing. See Mendoza v. Carey, 449 F.3d 1065, 1069-70 (9th Cir. 2006). In order to obtain equitable tolling on this basis, a petitioner must provide the Court facts in a declaration, under oath, that show he was diligent in pursuing his claims and unable to file a timely petition because of the language barrier. In this case, Petitioner has not provided the Court with any facts that justify his delay in filing the Petition.

Therefore, the Court is permitting Petitioner one last opportunity to explain why he believes his Petition should not be dismissed as untimely. Petitioner **MUST EXPLAIN WHY his Petition was filed almost one year late and include a declaration under oath containing all facts that support his explanation.**

The Court makes no guarantees that Petitioner can meet the standard required to obtain tolling of the AEDPA statute of limitations.

Petitioner is **ORDERED** to file this Opposition to the Motion to Dismiss within **TWENTY-ONE (21) DAYS of the date of this Order.** In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

Because Petitioner was granted five previous extensions of time, Petitioner is cautioned that the **Court will not grant any further extensions of time**.

If Petitioner does not comply with this Order, the Court will recommend that the Petition be dismissed with prejudice because it is time-barred under 28 U.S.C. § 2244(d)(1) and for failure to prosecute and obey court orders pursuant to Federal Rules of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Initials of Clerk kh